IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,968-01






EX PARTE ROBERT TROY MCCLURE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 04-0171-CR IN THE 25TH DISTRICT COURT


FROM GUADALUPE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced
to six (6) years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because he told counsel that he wanted a jury trial
and that he wanted counsel to assert that he acted in self-defense. He alleges that his appointed counsel
failed to show up on the day of trial and that a substitute counsel pleaded nolo contendere on his behalf
even though he wanted to go to trial. Applicant has alleged facts that, if true, might entitle him to relief. 
Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim.
App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) in that it shall order
appointed counsel to file an affidavit in response to Applicant's allegations. If applicable, the trial judge
shall also order substitute counsel to file an affidavit addressing Applicant's allegations. In the appropriate
case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim
that his plea was involuntary. Specifically, the trial judge shall make findings as to whether Applicant told
his appointed attorney and, if applicable, substitute counsel that he wanted to go to trial. The trial judge
shall also make findings of fact as to whether counsel believed there was any basis to Applicant's assertions
that he acted in self-defense. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: January 16, 2008

Do not publish